Gregory W. Mitchell
FREEMAN LAW, PLLC
7011 Main Street
Frisco, Texas 75034
(972)463-8417 – Office
(972)432-7540 – Facsimile
State Bar ID: 00791285
COUNSEL FOR KND HOSPITALITY COMPANY, INC.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Case No. 24-33108 |
| | § | |
| KND Hospitality Company, Inc. | § | |
| | § | Chapter 11 |
| *Debtor* | § | |

## MOTION FOR POST-PETITION RETAINER

NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT 1100 COMMERCE STREET, ROOM 1254, DALLAS, TX 75242-1496, BEFORE CLOSE OF BUSINESS ON DECEMBER 12, 2024, WHICH IS AT LEAST 21 DAYS FROM THE DATE OF SERVICE HEREOF.

ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.

IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN.

TO THE HONORABLE MICHELLE V. LARSON, UNITED STATES BANKRUPTCY JUDGE:

KND Hospitality Co Inc., the debtor and debtor-in-possession in the above-captioned case (the "**Debtor**"), files this Motion for Approval of Post-Petition Retainer (the "**Motion**") to Freeman Law, PLLC ("**Counsel**") and in support thereof the Debtor represents as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157. The Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory basis for the relief requested herein is sections 105 and 363(b)(1) of the Bankruptcy Code.

## BACKGROUND

3. On October 1, 2024 (the "**Petition Date**"), the Debtor, through Counsel, commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (the "**Chapter 11 Case**"). The Debtor continues to operate its business as a debtor and debtor-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

4. To date, no creditors' committee has been appointed in the Chapter 11 Case by the Office of the United States Trustee for the Northern District of Texas (the "**United States Trustee**"). No trustee or examiner has been appointed in the Chapter 11 Case.

5. On October 6, 2024, Debtor filed its application to employ Counsel. An order granting that motion was entered on October 31, 2024.

6. Pursuant to Counsel's engagement agreement with Debtor (the "**Engagement Agreement**"), Debtor was to provide a retainer in the amount of $20,000.00. However, prior to filing the case, Debtor had only paid $5,000.00 to Counsel.

7. On or about October 9, 2024, Debtor paid an additional $5,000.00 to Counsel.[1]

8. By this Motion, Counsel seeks authorization to retain in trust the $5,000.00 received post-petition, and Debtor seeks authorization to make post-petition retainer payments up to an additional $10,000 (in order to bring the total retainer to $20,000.00, the amount agreed to in the Engagement Agreement).

9. Counsel will hold the Retainer in its IOLTA trust account pending approval by this Court of Counsel's fees. Any sums remaining at the close of the representation will be refunded to the Debtor.

## ANALYSIS

10. The relevant statutes of the Bankruptcy Code applicable to the Motion include the following:

(1) Section 363(b)(1) generally authorizes a debtor-in-possession to use property of the estate to the extent it benefits the estate;

(2) Section 328 provides broad authorization, with court approval, to employ professionals and compensate them "on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis." That section goes on to provide limitations on compensation allowed.

(3) Section 330 provides that, after notice to parties in interest, the Court may award "reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person," along with reimbursement of expenses. Importantly, subsection (a)(2) of that section makes clear that the Court may award compensation that is less than the amount requested.

(4) Finally, Section 105 of the Bankruptcy Code provides the Court broad authority to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [Title 11]."

---

[1] Debtor made this payment directly to Counsel's firm via a payment link, and undersigned counsel only recently became aware of such payment – which is being held in Counsel's IOLTA account. An amended Rule 2016 disclosure will be made contemporaneously with the filing of this Motion.

11. Collectively, these provisions make it clear that this Court has final say over any award of compensation to a Debtor's attorney.

12. The Amount of the requested Retainer is believed to be reasonable in light of the expected efforts necessary in the Chapter 11 Case. The only reason that the full amount of the agreed retainer was not made was the delay in receipt of certain receivables, combined with the immediate need to file this case.

13. The Debtor believes that the employment of Counsel and the payment of the requested retainer is in the best interest of the Debtor, the creditors, and the bankruptcy estate. Attorneys with Counsel are duly admitted to practice law before this Court and are well qualified to advise and represent the Debtor on all matters related to this Chapter 11 Case and any and related proceedings.

14. Section 363 of the Bankruptcy Code allows a Debtor to use property of the estate other than in the ordinary course of business if he articulates a sound business justification for doing so. Great judicial deference is given to the debtor's exercise of business judgment. As long as such use appears to enhance a debtor's estate, court approval of a debtor-in-possession's decision should only be withheld if the debtor's judgment is clearly erroneous, too speculative, or contrary to the provisions of the Bankruptcy Code. *See, e.g., Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985) (quoting *Allied Tech., Inc. v. R.B. Brunemann & Sons*, 25 B.R. 484, 495 (Bankr. S.D. Ohio 1982)) (upholding a debtor's exercise of business judgment in a decision to assume a lease).

15. Use of property of the estate to pay the Retainer is in the best interests of the Debtor and the estate. Without competent representation, Debtor would be unable to present and confirm a feasible Chapter 11 plan of reorganization or adequately address

pending litigation. Accordingly, there is a sound and proper business reason for the use of the Retainer as set forth herein.

16. Counsel will hold the Retainer in its IOLTA trust account pending approval by this Court of Counsel's fees.

17. In assessing the propriety of a retainer, the court should consider the following factors, which are primarily focused on the reasonableness and necessity of the retainer within the context of a specific case:

> (1) the economic impact the payment of the retainer might have on the debtor's business;
>
> (2) the retainer's impact on the prospects for reorganization (which, of necessity, must include an evaluation of whether the debtor will, at confirmation, have funds available to pay all administrative expenses as required by 1129(a)(9) of the Code);
>
> (3) the amount and the reasonableness of the retainer;
>
> (4) the reputation of counsel; and
>
> (5) the ability of counsel to be able to disgorge the retainer if, at the conclusion of the case, the court should determine that the fees paid during the case were not justified.

*In re Truong*, 259 B.R. 264 (Bankr. D. New Jersey, 2001). The Court in *Truong* noted that, although post-petition retainers and the ability to draw against such retainers are granted in large bankruptcy cases, usually to large law firms, smaller law firms should not be treated any differently. *Id.*, at 268.

**Economic Impact on Debtor's Business**

18. Here, the retainer does not affect the Debtor's ability to pay post-petition expenses.

19. The Debtor's Monthly Operating Report for October, 2024, reflects cash on hand in the amount of $23,776.20 and accounts receivable in the amount of $272,146.11.[2]

**Impact on Prospect for Reorganization**

20. By paying the agreed-upon Retainer, Debtor will continue to receive the advice and guidance necessary to increase its prospects for reorganization.

**Amount and Reasonableness of the Retainer**

21. The specific amount of the retainer is reasonable and is not extraordinary when balanced against the services which must be rendered and the ongoing business being conducted by the Debtor.

**Reputation of Counsel**

22. Counsel enjoys a fine reputation in this District and in neighboring districts.

23. It is clear from the examination of the record that this case has a level of complexity that demands experienced bankruptcy counsel. Counsel is an experienced bankruptcy practitioner and in measuring the facts of this case, the Court should find that the complexity of this case and the need for counsel warrant the payment of the requested reasonable post-petition retainer.

**Ability of Counsel to Disgorge Fees**

24. Finally, Counsel is not requesting that it be permitted to draw against the retainer prior to allowance of compensation by the Court. Thus, the Court's ability to oversee payment of fees is fully preserved.

25. For the reasons cited above, Debtor seeks authorization to pay the requested Retainer to Counsel post-petition, and authorization for Counsel to retain the Retainer in its

---

[2] Debtor's monthly operating report for October 2024, is being filed contemporaneously with the filing of this Motion.

trust account and to apply the Retainer to its post-petition fees and expenses after such post-petition fees and expenses have been approved and authorized by this Court after a request made in accordance with all applicable laws and rules.

WHEREFORE, Debtor respectfully requests this Court issue an Order approving the Motion on the terms set forth herein, and for such other and further relief to which the Debtor may show itself justly entitled.

**DATED this 21st day of November, 2024.**

Respectfully submitted,

**FREEMAN LAW, PLLC**

**/s/ Gregory W. Mitchell**
Gregory W. Mitchell
7011 Main Street
Frisco, Texas 75034
(972)463-8417 – Office
(972)432-7540 – Facsimile
State Bar ID: 00791285
Proposed Attorneys for Debtor

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served on this 21st day of November, 2024, to the parties listed on the attached master mailing matrix either electronically via ECF or by U.S. mail:

/s/ Gregory W. Mitchell
Gregory W. Mitchell

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0539-3<br>Case 24-33108-mvl11<br>Northern District of Texas<br>Dallas<br>Thu Nov 21 11:26:24 CST 2024 | KND Hospitality Company, Inc.<br>1113 Smirl Drive<br>Heath, TX 75032-8947 | Texas Comptroller of Public Accounts, Revenu<br>Kimberly A. Walsh<br>c/o Sherri Simpson, Paralegal<br>PO Box 12548<br>Austin, TX 78711-2548 |
| 1100 Commerce Street<br>Room 1254<br>Dallas, TX 75242-1305 | American Express<br>P.O. Box 650448<br>Dallas, TX 75265-0448 | Amtrust Workers Comp<br>59 Maiden Lane, 42nd Floor<br>New York, NY 10038-4502 |
| Communion Neighborhood Cooperative<br>514 Lockwood Drive<br>Richardson, TX 75080-5609 | Freeman Law, PLLC<br>7011 Main Street<br>Frisco, TX 75034-4224 | Home Bank Texas<br>601 U S 175 Frontage Rd.<br>Seagoville, TX 75159 |
| Huber Prater Henson<br>9330 LBJ Fwy<br>Suite 280<br>Dallas, TX 75243-3446 | Internal Revenue Service<br>Special Procedures - Insolvency<br>P.O. Box 7346<br>Philadelphia, PA 19101-7346 | Lockwood Commonwealth<br>514 Lockwood Drive<br>Richardson, TX 75080-5609 |
| Melton Norcross & Associates<br>2591 Dallas Parkway<br>Suite 300<br>Frisco, TX 75034-8563 | National Funding<br>4380 La Jolla Village Drive<br>San Diego, CA 92122-1200 | (p)TEXAS COMPTROLLER OF PUBLIC ACCOUNTS<br>REVENUE ACCOUNTING DIV - BANKRUPTCY SECTION<br>PO BOX 13528<br>AUSTIN TX 78711-3528 |
| United First<br>2999 NE 191st Street<br>Unit 901<br>Miami, FL 33180-4926 | United States Trustee<br>1100 Commerce Street<br>Room 976<br>Dallas, TX 75242-0996 | (p)VELOCITY CAPITAL GROUP LLC<br>333 PEARSALL AVENUE SUITE 105<br>CEDARHURST NY 11516-1842 |
| Gregory W. Mitchell<br>The Mitchell Law Firm, L.P.<br>8140 Walnut Hill Lane<br>Suite 301<br>Dallas, TX 75231-4328 | Gregory Wayne Mitchell<br>Freeman Law, PLLC<br>7011 Main Street<br>Frisco, TX 75034-4224 | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | |
|---|---|
| Texas Comptroller<br>P.O. Box 13528<br>Capitol Station<br>Austin, TX 78711-3528 | Velocity Capital Group<br>333 Pearsall Ave<br>Cedarhurst, NY 11516 |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Homebank Texas	(u)Lockwood Commonwealth, LLC d/b/a Communion	(u)United First, LLC

(u)Velocity Capital Group, LLC

**End of Label Matrix**
**Mailable recipients** 19
**Bypassed recipients** 4
**Total** 23